Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
    A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 323-353-9535
e-mail: baruchcohen@baruchcohenesq.com

*Attorney Specially Appearing for Third-Party Defendant* MICHAEL GOLDMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE SECURITIES 2 LP, | USDC # 2:25-cv-6374-KS |
| Plaintiff, | |
| HADASSAH WEISS | |
| Defendant | |
| _____ | **THIRD-PARTY DEFENDANT MICHAEL GOLDMAN'S MOTION TO DISMISS THE AMENDED THIRD-PARTY COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM; DECLARATIONS OF BARUCH C. COHEN & MICHAEL GOLDMAN** |
| HADASSAH WEISS | |
| Third-Party Plaintiff, | |
| vs. | |
| SAMUEL EHRENTHAL, INSURED ON TIME SERVICES, INC., MICHAEL GOLDMAN, ALEXANDER GOFER, GREGG G. KIRSCHNER, ISSER M. ZEILINGOLD, THE SETTLEMENT GROUP, INC. DBA GEORGIA SETTLEMENT GROUP, | Date: April 29, 2026<br>Time: 10:00 AM<br>Place: 255 E Temple St, Los Angeles<br>Courtroom 580 |
| Third-Party Defendants. | |

**TO MAGISTRATE JUDGE KAREN L. STEVENSON, ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on April 29, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Magistrate Judge Karen L. Stevenson, in Courtroom 580 of the United States District Court for the Central

2/2-3:33pm

District of California, located at Edward R. Roybal Federal Building and United States Courthouse, 255 E Temple St, Los Angeles, CA 90012, Third-Party Defendant MICHAEL GOLDMAN shall specially appear, solely for the limited purpose of contesting this Court's exercise of personal jurisdiction and moving, without submitting to or waiving any jurisdictional objections and without consenting to the jurisdiction of this Court, for an Order dismissing the Amended Third-Party Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

This Motion is made on the grounds that:

This Court lacks personal jurisdiction over Third-Party Defendant Michael Goldman because the Amended Third-Party Complaint fails to allege facts establishing that Goldman purposefully availed himself of, or directed any conduct toward, the State of California, and the only alleged forum contact is the unilateral residence of Third-Party Plaintiff Hadassah Weiss.

The Amended Third-Party Complaint fails to state facts sufficient to constitute any cause of action for fraud, negligent misrepresentation, professional negligence, breach of fiduciary duty, equitable indemnity, or contribution, and fails to plead fraud with the particularity required by Rule 9(b).

The pleading affirmatively alleges that the life-insurance and life-settlement transaction at issue was conceived, structured, underwritten, issued, and settled entirely outside California, and further admits facts demonstrating that the transaction bore the hallmarks of an illegal or void stranger-originated life insurance ("STOLI") arrangement, which cannot, as a matter of law, support tort liability, reliance, or derivative indemnity.

The claims are further barred by the applicable statutes of limitation and by the absence of any legally cognizable duty, reliance, or recoverable damages.

Pursuant to Local Rule 7-3, counsel conducted a substantive meet-and-confer

regarding all jurisdictional and pleading defects. See November 24, 2025 correspondence outlining the Rule 12(b)(2), Rule 9(b), Rule 12(b)(6), STOLI illegality, and statute-of-limitations grounds for dismissal.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Statement of Facts, the Amended Third-Party Complaint, the pleadings and records on file in this action, the Court's inherent authority, and such further oral and documentary evidence as may be presented at the hearing.

DATED:      February 2, 2026          LAW OFFICE OF BARUCH C. COHEN
                                      A Professional Law Corporation

                                      By ___/S/ Baruch C. Cohen_____
                                      Baruch C. Cohen, Esq.
                                      *Attorney Specially Appearing for Third-Party*
                                      *Defendant* MICHAEL GOLDMAN

1

**TABLE OF CONTENTS**

2

3    MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . -1-

4        INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

5        STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

6            The Life-Settlement Transaction Arose in 2018–2019 and Was

7                Centered in New York and the East Coast . . . . . . . . . . . . . . . -1-

8            All Underwriting, Application Processing, Issuance, and Settlement

9                Activity Occurred Outside California . . . . . . . . . . . . . . . . . . . -2-

10            The Only Alleged California "Contacts" Are Weiss's Residence and

11                Her Ministerial Transmission of Documents at Others' Direction -2-

12            The Amended Third-Party Complaint Admits Weiss Believed the

13                Policy Was "Inappropriate," Sought Rescission, and Identified

14                Irregularities and Improper Procurement . . . . . . . . . . . . . . . . -2-

15            Despite These Admissions, the Pleading Seeks to Shift Liability to

16                Goldman on Tort and Derivative Theories . . . . . . . . . . . . . . . -3-

17        LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

18            FRCP 12(b)(2): Lack of Personal Jurisdiction . . . . . . . . . . . . . . . . . -3-

19            FRCP 12(b)(6): Failure to State a Claim . . . . . . . . . . . . . . . . . . . . . . -3-

20        ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

21            The Court Lacks Personal Jurisdiction Over Goldman . . . . . . . . . . . -4-

22            The Fraud and Negligent Misrepresentation Claims Fail Under Rules

23                9(b) and 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

24            The Indemnity, Contribution, and Declaratory Relief Claims Are

25                Derivative and Fail . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

26            The Underlying Policy Is Alleged to Be an Illegal and Void STOLI

27                Transaction and Cannot Support Any Claim. . . . . . . . . . . . . . -7-

28

1

The Claims Are Independently Time-Barred . . . . . . . . . . . . . . . . . . -9-

2

MEET AND CONFER COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . -12-

3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

4

5

## TABLE OF AUTHORITIES

6

**CASES**

7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . -4-

9

*Broberg v. Guardian Life Ins. Co. of Am.*, 171 Cal.App.4th 912, 921 (2009). . . -10-

10

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) . . . . . . . . . . . . . . . -5-

11

*Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 808 (2005) . . . . . . . . . -10-, -11-

12

*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). . . . . . . . . . . . . -4-

13

*Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1111 (1988) . . . . . . . . . . . . . . . . . . . . . -11-

14

*Kashani v. Tsann Kuen China Enter. Co.*, 118 Cal.App.4th 531, 541 (2004) . . . -8-

15

*McIntosh v. Mills,* 121 Cal.App.4th 333, 346 (2004). . . . . . . . . . . . . . . . . . . . . . -8-

16

*Munoz v. Davis*, 141 Cal.App.4th 862, 866 (2006) . . . . . . . . . . . . . . . . . . . . . . . -6-

17

*Paul Revere Life Ins. Co. v. Fima*, 105 F.3d 490, 493 (9th Cir. 1997) . . . . . . . . . -8-

18

*Picot v. Weston*, 780 F.3d 1206, 1213–14 (9th Cir. 2015). . . . . . . . . . . . . . . . . . -5-

19

*Sun Life Assurance Co. v. Wells Fargo Bank, N.A.*, 238 F.Supp.3d 1308, 1318–19 (S.D. Fla. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

20

*Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) . . . . . . . . . . . . . . . -6-

21

*Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003) . . . . . . . . . . . . . -6-

22

*Walden v. Fiore*, 571 U.S. 277, 284–86 (2014) . . . . . . . . . . . . . . . . . . . . -3-, -4-, -5-

23

24

**STATUTES**

25

Cal. Ins. Code § 280 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

26

Cal. Ins. Code § 10110.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

27

Cal. Ins. Code § 10110.1(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

28

2/2-3:33pm

Cal. Ins. Code § 10110.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

CCP § 338(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

CCP § 339(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

CCP § 410.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

FRCP 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

FRCP 12(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-, -6-

FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-, -9-, -12-

Local Rule 7-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-, -13-

1.    **MEMORANDUM OF POINTS AND AUTHORITIES**

    a.    **INTRODUCTION**

This Motion arises from an attempt by Third-Party Plaintiff Hadassah Weiss to hale a non-resident insurance professional into a California forum based on nothing more than her own residence and conclusory allegations of group misconduct. Even as amended, the Third-Party Complaint remains jurisdictionally defective, legally insufficient, and substantively barred by California and federal law.

The pleading fails to allege any forum-directed conduct by Michael Goldman, any cognizable misrepresentation attributable to him, any duty owed, any reliance, or any legally recoverable damages. It further seeks to impose liability arising from a life-insurance transaction that, on its own allegations, bears the statutory hallmarks of a void and illegal STOLI arrangement. No amount of re-labeling can convert an unlawful or unenforceable transaction into a basis for tort liability.

Accordingly, the Amended Third-Party Complaint must be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

    b.    **STATEMENT OF FACTS**

        i.    **The Life-Settlement Transaction Arose in 2018–2019 and Was Centered in New York and the East Coast**.

The Amended Third-Party Complaint alleges that in 2018 the Trust principals and their New York-based agents and brokers decided to sell the AIG policy in a life-settlement transaction, and that the sale was consummated in 2019. (ATPC ¶¶ 38, 40–46.) The pleading further alleges that the policy was ultimately sold through a life-settlement provider and institutional purchaser located outside California, and that the transaction was structured, processed, and closed by New York- and East-Coast-based actors. (ATPC ¶¶ 13–24, 38–46.)

        ii.    **All Underwriting, Application Processing, Issuance, and**

**Settlement Activity Occurred Outside California**.

The Third-Party Complaint identifies the principal brokers, trustees, escrow counsel, settlement provider, and purchasers as residents or entities of New York, New Jersey, Connecticut, Colorado, Florida, and Georgia. (ATPC ¶¶ 13–24.) It alleges that the life-settlement application was completed, altered, and submitted by those out-of-state actors; that the escrow and settlement functions were administered by New York counsel and East-Coast entities; and that the institutional purchaser and life-settlement provider operated outside California. (ATPC ¶¶ 38–46, 43–47.)

iii.　**The Only Alleged California "Contacts" Are Weiss's Residence and Her Ministerial Transmission of Documents at Others' Direction**.

The pleading concedes that Weiss is merely a California resident. (ATPC ¶ 12.) It further alleges that, at the direction of Goldman and the other East-Coast defendants, Weiss's California counsel transmitted pre-prepared and partially blank documents by Federal Express to the New York trustee and settlement participants. (ATPC ¶¶ 17, 40.) No underwriting, policy issuance, settlement structuring, escrow administration, or medical review is alleged to have occurred in California. (ATPC ¶¶ 13–24, 38–46.)

iv.　**The Amended Third-Party Complaint Admits Weiss Believed the Policy Was "Inappropriate," Sought Rescission, and Identified Irregularities and Improper Procurement**.

The pleading expressly alleges that Weiss's estate-planning counsel determined that the policy "should not have been purchased," that Weiss demanded cancellation and return of premiums, and that she pursued rescission almost immediately. (ATPC ¶¶ 4, 31–33.) The complaint further alleges that false or non-physician-based medical information was inserted into the life-settlement application by third parties after Weiss had signed blank or partially blank forms,

and that the transaction was completed despite those irregularities. (ATPC ¶¶ 41–43, 55, 67.) These allegations are the classic hallmarks of a stranger-originated life insurance ("STOLI") structure: pre-arranged resale, third-party control of underwriting inputs, and immediate dissatisfaction and attempted unwind by the insured. (ATPC ¶¶ 38–43, 55, 67.)

> v.    **Despite These Admissions, the Pleading Seeks to Shift Liability to Goldman on Tort and Derivative Theories**.

The Amended Third-Party Complaint asserts against Goldman and others claims for breach of fiduciary duty (ATPC ¶¶ 53–56), fraudulent misrepresentation (ATPC ¶¶ 57–64), professional negligence (ATPC ¶¶ 65–68), and seeks equitable indemnity and contribution for any liability Weiss might face in the underlying action. (ATPC ¶¶ 1, 51–52, 91–94 [Prayer and Claim Headings].) These theories are premised on the same admitted facts: that the life-settlement transaction was conceived, structured, and executed by out-of-state actors; that Weiss sought to rescind it as improper almost immediately; and that any alleged wrongdoing arose from the manner in which the application and settlement were handled by those third parties, not from any independent California-based conduct.

> c.    **LEGAL STANDARD**

>> i.    **FRCP 12(b)(2): Lack of Personal Jurisdiction**

A plaintiff bears the burden of establishing that a non-resident defendant purposefully availed himself of the forum. The plaintiff cannot be the only link between the defendant and the forum. *Walden v. Fiore*, 571 U.S. 277, 284–86 (2014).

>> ii.    **FRCP 12(b)(6): Failure to State a Claim**

A complaint must plead facts, not labels or conclusions, sufficient to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Fraud must also satisfy Rule 9(b)'s particularity requirements.

d.    **ARGUMENT**

i.    **The Court Lacks Personal Jurisdiction Over Goldman**

The Amended Third-Party Complaint fails to allege any facts establishing that this Court may constitutionally exercise personal jurisdiction over Third-Party Defendant Michael Goldman. It does not plead that Goldman purposefully availed himself of the privilege of conducting activities in California, purposefully directed any conduct toward this forum, entered into any transaction governed by California law, or engaged in any forum-related activity such that he could reasonably anticipate being haled into a California court.

Goldman is a resident of New York. He has no offices, employees, agents, or property in California. He has never conducted or solicited business in California, has not entered into any contract governed by California law, and has not purposefully directed any activity toward California. All acts alleged in the Amended Third-Party Complaint occurred outside this State and were undertaken, if at all, in connection with transactions and actors located on the East Coast.

California's long-arm statute, CCP § 410.10, extends jurisdiction only to the outer limits of federal due process. Due process, in turn, requires that a defendant have "minimum contacts" with the forum state such that the maintenance of the action "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Those contacts must be the defendant's own purposeful contacts with the forum, not contacts created by the unilateral activity of the plaintiff or third parties.

The Supreme Court has squarely held that "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Rather, the "minimum contacts" analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Id. at 285–86. The fact that a defendant's out-of-state conduct may have

1    foreseeable effects on a forum resident is legally insufficient; the defendant must

2    have "purposefully directed" conduct at the forum itself. Id.

3        The Ninth Circuit has applied *Walden* to squarely reject personal jurisdiction

4    where, as here, "the plaintiff cannot be the only link between the defendant and the

5    forum," and where the defendant's conduct was not "expressly aimed at the forum

6    State itself." *Walden v. Fiore*, 571 U.S. 277, 285–86 (2014). In *Picot v. Weston*, 780

7    F.3d 1206, 1213–14 (9th Cir. 2015), the court held that communications and

8    transactions with a California resident, standing alone, are legally insufficient

9    because "a mere injury to a forum resident is not a sufficient connection to the

10   forum," and "the proper question is whether the defendant's conduct connects him

11   to the forum in a meaningful way." Id. at 1214 (quoting *Walden*, 571 U.S. at 290).

12   Where, as here, the defendant's alleged conduct occurred entirely outside California

13   and was not "expressly aimed" at California itself, the fact that a California plaintiff

14   experienced effects in the forum "would follow him wherever he might choose to

15   live or travel" and therefore cannot support specific personal jurisdiction. *Picot*, 780

16   F.3d at 1214.

17       The Amended Third-Party Complaint alleges no California-directed conduct

18   by Goldman. At most, it alleges that documents were transmitted to or from

19   California and that the plaintiff resides here. Such "random, fortuitous, or

20   attenuated" contacts are legally insufficient. *Burger King Corp. v. Rudzewicz*, 471

21   U.S. 462, 475 (1985). Communications with a California resident, and the

22   happenstance that documents were sent from California at the direction of others, do

23   not constitute purposeful availment or purposeful direction. *Walden*, 571 U.S. at

24   284–86; *Picot*, 780 F.3d at 1213–14.

25       Because the alleged conduct is centered entirely outside California, and

26   because Goldman has not created any jurisdictionally meaningful contacts with this

27   forum, the exercise of personal jurisdiction would violate constitutional due process.

28

2/2-3:33pm

-5-

1  The Amended Third-Party Complaint therefore must be dismissed for lack of

2  personal jurisdiction pursuant to FRCP 12(b)(2).

3              ii.    **The Fraud and Negligent Misrepresentation Claims Fail**

4                    **Under Rules 9(b) and 12(b)(6)**

5       The Amended Third-Party Complaint continues to rely on impermissible

6  group pleading and fails to satisfy FRCP 9(b)'s requirement that a plaintiff allege

7  the "who, what, when, where, and how" of the alleged misconduct. *Vess v.*

8  *Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must

9  be accompanied by the 'who, what, when, where, and how' of the misconduct

10  charged."). It does not identify any specific statement by Goldman, when or where it

11  was made, to whom it was communicated, why it was false or misleading, or how

12  Weiss actually and justifiably relied. Such undifferentiated, collective allegations

13  are legally insufficient. See *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir.

14  2007) (Rule 9(b) is not satisfied where a complaint "lump[s] together" multiple

15  defendants and fails to "differentiate their alleged roles in the fraudulent scheme");

16  *Vess*, 317 F.3d at 1106 (plaintiff must "set forth what is false or misleading about a

17  statement, and why it is false"). Because the pleading offers only conclusory

18  accusations devoid of these particulars, the fraud and negligent misrepresentation

19  claims fail under Rules 9(b) and 12(b)(6).

20              iii.   **The Indemnity, Contribution, and Declaratory Relief Claims**

21                    **Are Derivative and Fail**

22       The indemnity, contribution, and declaratory relief claims are purely

23  derivative and collapse as a matter of law in the absence of a viable underlying tort.

24  As the Court of Appeal held in *Munoz v. Davis*, 141 Cal.App.4th 862, 866 (2006),

25  equitable indemnity "requires that the prospective indemnitor and indemnitee be

26  jointly and severally liable to the plaintiff for the same injury," and "[u]nless that

27  predicate liability exists, there is no basis for indemnity." Where the underlying tort

28

claims fail, there is "no basis for an apportionment of damages" and "no cause of
action for equitable indemnity or contribution can lie." Id. at 426; see also id. at 428
(equitable relief fails where "the key ingredient… equity" is absent and "the
complaint fails to state a cause of action"). Accordingly, because the Amended
Third-Party Complaint fails to plead a viable underlying tort, its derivative claims
for indemnity, contribution, and declaratory relief necessarily fail as a matter of law.

iv.    **The Underlying Policy Is Alleged to Be an Illegal and Void
STOLI Transaction and Cannot Support Any Claim**

The Amended Third-Party Complaint pleads facts that, taken as true, place
the underlying life-insurance policy squarely within California's statutory
prohibition against Stranger-Originated Life Insurance ("STOLI"). Under California
Insurance Code §§ 10110.1 and 10110.2, a life-insurance policy procured without a
genuine insurable interest, or structured at inception for the benefit of third-party
investors, is *void ab initio* as against public policy. A void contract is treated as
though it never existed and cannot support claims for damages, reliance, indemnity,
contribution, fiduciary breach, or declaratory relief.

California law is explicit. Insurance Code § 10110.1(f) provides: "A contract
of life insurance… is void if it is made without an insurable interest."

Insurance Code § 10110.2 goes further, declaring that: "Stranger-originated
life insurance (STOLI) is prohibited," "STOLI practices are against public policy,"
and "Any trust or device created to give the appearance of insurable interest but
used to initiate a life insurance policy for the benefit of a third-party investor is void
ab initio."

Courts uniformly hold that policies procured in violation of insurable-interest
laws are illegal wagering contracts, void from inception, and incapable of giving
rise to any legal or equitable rights. Under California law, "an insurance policy is
void ab initio where the insured lacks an insurable interest," and such a policy "may

be challenged at any time" because it is "void and unenforceable." *Paul Revere Life Ins. Co. v. Fima*, 105 F.3d 490, 493 (9th Cir. 1997); Cal. Ins. Code § 280. Federal courts applying modern STOLI statutes likewise hold that such policies are "void ab initio," represent "an unlawful wager on a stranger's life," and "cannot create enforceable rights, obligations, or equitable remedies." *Sun Life Assurance Co. v. Wells Fargo Bank, N.A.*, 238 F.Supp.3d 1308, 1318–19 (S.D. Fla. 2017) (policy procured for investors is "void ab initio" and "incapable of supporting damages, reliance, indemnity, or restitution").

California courts further hold that no cause of action – legal or equitable – may be predicated on an illegal or void contract or transaction. As the Court of Appeal explained in *Kashani v. Tsann Kuen China Enter. Co.*, 118 Cal.App.4th 531, 541 (2004), "[c]ourts will not enforce or aid in enforcing an illegal contract," and will not "lend their assistance to a party who seeks compensation for an illegal act," because such agreements are "void and unenforceable on grounds of public policy." Likewise, in *McIntosh v. Mills,* 121 Cal.App.4th 333, 346 (2004), the court held that where the underlying transaction is unlawful, the parties are barred from all derivative relief: the doctrine of illegality renders the agreement "void," and, absent an applicable exception, "no cause of action for breach of contract, tort, indemnity, or contribution may be maintained" because the courts will not "serve as a forum for the resolution of disputes arising out of an illegal transaction."

Here, Weiss herself alleges classic STOLI red flags: that the policy was "inappropriate" from inception; that irregular and improper steps were taken to procure it; that she sought rescission almost immediately; that brokers, not she, controlled the transaction; that third parties paid premiums and stood to receive the economic benefits; and that the policy was structured for resale on the life-settlement market. These allegations track precisely the statutory definition of STOLI and the judicial markers of an investor-originated, wager-based policy.

Even assuming every factual allegation to be true, the legal consequence is
fatal to all claims. A policy that is void ab initio: Cannot give rise to legally
cognizable damages or reliance (fraud, negligent misrepresentation); Cannot create
professional or fiduciary duties arising from an illegal undertaking; Cannot support
equitable indemnity or contribution because there is no valid underlying liability to
shift; & Cannot sustain declaratory relief because there is no enforceable legal
relationship to declare.

As numerous courts have held, "a void policy cannot create enforceable
rights, obligations, or equitable remedies." *Sun Life*, 238 F.Supp.3d at 1319; AEI
Life, 892 F.3d at 134.

Accordingly, even if Goldman had no involvement whatsoever in the policy's
procurement, Weiss's Third-Party Complaint still fails as a matter of law. Where the
underlying transaction is void under California's STOLI statutes, there is no legally
cognizable injury, no duty, no causation, and no derivative liability that can be
shifted. The claims therefore must be dismissed in their entirety under FRCP
12(b)(6).

### v.    **The Claims Are Independently Time-Barred**

Each cause of action asserted in the Amended Third-Party Complaint is
barred by the applicable statutes of limitation. The pleading alleges that all conduct
giving rise to Weiss's claims occurred in 2018–2019, yet the Third-Party Complaint
was not filed until September 2025 – more than six years later. On its face, the
action is untimely.

Weiss asserts tort-based and derivative claims against Goldman for: (1)
Fraudulent Misrepresentation (Second Cause of Action); (2) Equitable Indemnity
(Fourth Cause of Action); (3) Contribution (Fifth Cause of Action); and (4)
Declaratory Relief (Sixth Cause of Action), all arising from the same 2019
life-insurance and life-settlement transaction. The governing limitations periods

under California law are well settled:

Fraudulent misrepresentation is subject to a three-year statute of limitations under CCP § 338(d), running from the date the plaintiff discovers, or reasonably should have discovered, the facts constituting the fraud.

Equitable indemnity is governed by a two-year limitations period under CCP § 339(1), accruing when the indemnitee suffers loss by payment or liability is fixed.

Equitable contribution is likewise governed by a two-year limitations period under CCP § 339(1), accruing upon payment of more than the claimant's fair share of a joint obligation.

Declaratory relief has no independent statute of limitations; it is governed by the limitations period applicable to the underlying substantive claims on which the declaration is sought.

Because all of Weiss's allegations arise from a transaction completed in 2019, her 2025 filing falls well outside each of these statutory windows. The fraud claim is time-barred under CCP § 338(d); the indemnity and contribution claims are either time-barred or unripe as a matter of law under CCP § 339(1); and the declaratory-relief claim necessarily fails because it is derivative of these time-barred and unaccrued causes of action.

Nor does the Amended Third-Party Complaint plead facts sufficient to invoke the delayed-discovery doctrine. California law places a "heavy burden" on a plaintiff who seeks to toll the statute of limitations. To rely on delayed discovery, the complaint must allege with particularity "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 808 (2005), *Broberg v. Guardian Life Ins. Co. of Am.*, 171 Cal.App.4th 912, 921 (2009). The plaintiff must plead specific facts showing that, "despite diligent investigation of the circumstances," she "could not have reasonably discovered facts supporting the

cause of action within the applicable statute of limitations period." *Fox*, 35 Cal.4th at 808–809. Conclusory allegations will not suffice; "conclusory allegations will not withstand demurrer," and bare assertions of late discovery are legally inadequate. Once a plaintiff has reason to suspect that something is amiss, she is on inquiry notice, and the statute begins to run; it "cannot be postponed by inaction or self-imposed ignorance."

Here, the pleading merely asserts that Weiss "did not learn" of the alleged falsification until 2025, without alleging how the discovery occurred or why the facts could not, through reasonable diligence, have been uncovered years earlier. Such unsupported allegations are precisely the type rejected in Fox and its progeny.

Indeed, the Amended Third-Party Complaint itself establishes inquiry notice long before 2025. Weiss alleges that in 2019 she executed and transmitted blank or partially completed policy forms; that those forms were used in connection with a life-settlement transaction; that the policy was sold and transferred; and that she believed the policy was improper and sought rescission at or near that time. These admitted facts were more than sufficient to place a reasonable person "on inquiry," because under California law the statute of limitations begins to run when the plaintiff "suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1111 (1988). At that point, once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights. So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her. Accordingly, where, as here, the pleaded facts show awareness of circumstances to put a reasonable person on inquiry, the limitations period begins to run and "cannot be postponed by inaction or self-imposed ignorance.

Accordingly, even if the Amended Third-Party Complaint otherwise stated viable claims – which it does not – the Second, Fourth, Fifth, and Sixth Causes of Action are independently barred by the applicable statutes of limitation and must be dismissed under FRCP 12(b)(6).

### e.    **MEET AND CONFER COMPLIANCE**

Pursuant to Local Rule 7-3, counsel conducted a substantive meet-and-confer regarding all jurisdictional and pleading defects. See November 24, 2025 correspondence outlining the Rule 12(b)(2), Rule 9(b), Rule 12(b)(6), STOLI illegality, and statute-of-limitations grounds for dismissal.

### f.    **CONCLUSION**

Because the Amended Third-Party Complaint fails to establish personal jurisdiction, fails to plead any viable cause of action, seeks relief arising from an allegedly void and illegal insurance transaction, and is time-barred, all claims against Michael Goldman must be dismissed with prejudice.

DATED:    February 2, 2026        LAW OFFICE OF BARUCH C. COHEN
                                  A Professional Law Corporation

                                  By ____/S/ Baruch C. Cohen_____
                                  Baruch C. Cohen, Esq.
                                  *Attorney Specially Appearing for Third-Party
                                  Defendant* MICHAEL GOLDMAN

## DECLARATION OF BARUCH C. COHEN

I, BARUCH C. COHEN, declare and state as follows:

1.  The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so.

2.  I am a member in good standing and eligible to practice before the following courts: California State Supreme Court; United States Court of Appeals - Ninth Circuit; Bankruptcy Appellate Panel; United States District Courts: Central District of California; Eastern District of California; Northern District of California; and Southern District of California.

3.  I am the principal shareholder and President of The Law Office of Baruch C. Cohen, a Professional Law Corporation, located at 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

4.  I proudly represent Third-Party Defendant MICHAEL GOLDMAN.

5.  This Declaration is in support of **THIRD-PARTY DEFENDANT MICHAEL GOLDMAN'S MOTION TO DISMISS THE AMENDED THIRD-PARTY COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM.**

6.  Pursuant to Local Rule 7-3, counsel conducted a substantive meet-and-confer regarding all jurisdictional and pleading defects.[1] .

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed February 2, 2026, at Los Angeles, California.

By 
Baruch C. Cohen

---

[1] A true and correct copy of my November 24, 2025 correspondence outlining the Rule 12(b)(2), Rule 9(b), Rule 12(b)(6), STOLI illegality, and statute-of-limitations grounds for dismissal is attached hereto as Exhibit "1" and is incorporated herein by this reference.

## DECLARATION OF MICHAEL GOLDMAN

I, MICHAEL GOLDMAN, declare and state as follows:

1.  The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so.

2.  This Declaration is in support of **THIRD-PARTY DEFENDANT MICHAEL GOLDMAN'S MOTION TO DISMISS THE AMENDED THIRD-PARTY COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM.**

3.  I am, and at all relevant times have been, a resident of the State of New York.

4.  I have never resided in California, maintained an office in California, owned or leased property in California, maintained employees or agents in California, or held any bank accounts or business facilities in California.

5.  I have never conducted business in California, solicited business in California, or purposefully directed any commercial, professional, or personal activities toward the State of California.

6.  I have never entered into any contract governed by California law, nor have I purposefully availed myself of the benefits or protections of California law.

7.  I had no role in, and did not participate in, any transaction that was negotiated, structured, performed, or centered in California.

8.  At no time did I engage in conduct by which I reasonably could have anticipated being haled into a California court..

I declare under penalty of perjury under the laws of the State of New York and California that the foregoing is true and correct.

Executed February 2, 2026, at Monsey, NY.

By _Michael Goldman_

Michael Goldmann

**CERTIFICATE OF SERVICE**

I, Baruch C. Cohen, declare as follows:

I am over the age of eighteen years and not a party to this case. I am employed in the County of Los Angeles, California where service occurs. My business address is 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

On February 2, 2026, I served the foregoing documents described as: **THIRD-PARTY DEFENDANT MICHAEL GOLDMAN'S MOTION TO DISMISS THE AMENDED THIRD-PARTY COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM** upon:

| **PLAINTIFF** | **DEFENDANT THIRD-PARTY PLAINTIFF** |
|---|---|
| Life Securities 2 LP | Hadassah Weiss |
| Michael S. Cryan, Esq | Laurance M. Berman, Esq. |
| ArentFox Schiff LLP | Berman Litigation Group |
| 1301 Avenue of the Americas, 42nd Floor | 815 Moraga Drive |
| New York, NY 10019 | Los Angeles, CA 90049 |
| Email: michael.cryan@afslaw.com | Email: lberman@bermanlitigationgroup.com. |

| **THIRD-PARTY DEFENDANT** | **THIRD-PARTY DEFENDANT** |
|---|---|
| The Settlement Group, Inc. | Samuel Ehrenthal / Insured On Time Services, Inc. |
| d/b/a Georgia Settlement Group | Jeremy Rosenberg, Esq. |
| David P. Beitchman, Esq. | Law Office of Jeremy Rosenberg |
| Beitchman & Zekian, P.C. | 777 Chestnut Ridge Road, Suite 202 |
| 16130 Ventura Blvd., Suite 570 | Chestnut Ridge, NY 10977 |
| Encino, CA 91436 | Email: jrosenberglaw@yahoo.com |
| Email: dbeitchman@bzlegal.com | |
| Andre Boniadi, Esq. | |
| Email: aboniadi@bzlegal.com | |

| **THIRD-PARTY DEFENDANT** | **THIRD-PARTY DEFENDANT** |
|---|---|
| Michael Goldman | Alexander Gofer |
| Baruch C. Cohen, Esq. | 365 Route 59, Suite 140 |
| Law Office of Baruch C. Cohen, APLC | Airmont, NY 10952-3460 |
| 4929 Wilshire Boulevard, Suite 940 | (Pro se / no counsel listed) |
| Los Angeles, CA 90010 | |
| Email: baruchcohen@baruchcohenesq.com | |

| **THIRD-PARTY DEFENDANT** | **THIRD-PARTY DEFENDANT** |
|---|---|
| Isser M. Zeilingold | Gregg G. Kirschner |
| 11 Old Route 202A | 5 Whistler Way |
| Pomona, NY 10970 | Marlboro, NJ 07746-2433 |
| (Pro se / no counsel listed) | (Pro se / no counsel listed) |
| Email: izeilingold@gmail.com | |

1

# Exhibit "1"

Law Office of

# Baruch C. Cohen, Esq.

A Professional Law Corporation

---

4929 Wilshire Boulevard, Suite 940                                    Telephone: (323) 353-9535
Los Angeles, California 90010-3823
Email: baruchcohen@baruchcohenesq.com   bcc4929@gmail.com

November 24, 2025

***Via email: lberman@bermanlitigationgroup.com***

Laurence M. Berman, Esq.
Berman Litigation Group
815 Moraga Drive
Los Angeles, CA 90049

Re:    **Hadassah Weiss vs. Michael Goldman, et al., USDC # 2:25-cv-06374-KS - Meet &
       Confer Letter - Goldman's Intended Motion to Dismiss for Personal Jurisdiction &
       Failure to State a Claim**

Dear Larry:

This letter serves as a formal meet & confer pursuant to: C.D. Cal. Local Rule 7-3, Fed. R. Civ.
P. 12(b), and any applicable provisions in the Court's Standing Order requiring good-faith
pre-filing conference efforts.

As you are aware, Local Rule 7-3 requires counsel to meet and confer at least seven (7) days
before filing a motion and obligates both sides to engage in a substantive, good-faith discussion
designed to resolve or narrow issues before burdening the Court with motion practice.

Third Party Defendant Michael Goldman ("Goldman") intends to file a Motion to Dismiss the
Third-Party Complaint under:

1.     **FRCP Rule 12(b)(2) – Lack of Personal Jurisdiction**

The Third-Party Complaint fails to establish any basis for personal jurisdiction over Michael
Goldman in California. It alleges no purposeful availment, no minimum contacts, and no conduct
by Goldman directed at, performed in, or invoking the protections of California.
Communications with a California resident, or instructing that documents be forwarded from
California to a non-California recipient, do not constitute forum-directed conduct. See, *Burger
King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Omeluk v. Langsten Slip & Batbyggeri A/S*,
52 F.3d 267, 270 (9th Cir. 1995); *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990). The
allegations pled, that Goldman participated in a life-settlement transaction conducted elsewhere,
that he instructed Weiss or her counsel to send documents, and that he purportedly made
misrepresentations in an out-of-state application, describe conduct occurring entirely outside
California. Harm to a California resident is insufficient. *Walden v. Fiore*, 571 U.S. 277, 284–86
(2014) ("The plaintiff cannot be the only link between the defendant and the forum.").

Even taken as true, the Third-Party Complaint describes a transaction centered in New York and the East Coast, not California. It identifies no California insurer, no California-based application, no California forum benefit sought by Goldman, and no forum-specific act that would make suit in California foreseeable. The entire jurisdictional theory rests solely on Weiss's residence—an impermissible basis under *Walden, Picot v. Weston*, 780 F.3d 1206, 1213–14 (9th Cir. 2015), and *Roth v. Garcia Marquez*, 942 F.2d 617, 620–21 (9th Cir. 1991). Because the Complaint does not allege any constitutionally sufficient contacts between Goldman and California, all claims against him must be dismissed under FRCP 12(b)(2).

In sum, the Third-Party Complaint does not allege a single fact establishing that Michael Goldman purposefully availed himself of the benefits and protections of California law. It fails to show that he conducted business in this state, entered into contracts governed by California law, maintained offices or property here, or directed any conduct specifically toward California or its residents.

Accordingly, the Third-Party Complaint, as pled, fails to establish personal jurisdiction over Michael Goldman. The Court should therefore dismiss all claims asserted against him pursuant to Federal Rule of Civil Procedure 12(b)(2).

## 2.     FRCP Rule 12(b)(6) – Failure to State a Claim

The Third-Party Complaint fails to satisfy basic federal pleading standards. It relies on conclusory labels, undifferentiated group pleading, and speculation, not the factual content required by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). It does not identify a single specific statement, act, omission, duty, or causal link attributable to Michael Goldman individually. Each cause of action fails as a matter of law.

### a.     Second Claim for Relief; Fraudulent Misrepresentation (¶¶ 36–39)

The fraud allegations fail under both Rule 12(b)(6) and Rule 9(b). The Complaint does not allege the who, what, when, where, or how required by *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Instead, it repeatedly asserts that "Third-Party Defendants" collectively made "false representations" without identifying any specific misrepresentation made by Goldman, when it was made, to whom it was made, or how Weiss relied on it.

Such "group pleading" is legally insufficient. *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007). Scienter allegations in ¶ 39 ("knew their representations were false") cannot substitute for the missing factual foundation. Nor does the Complaint plead reliance or damages as required by *Engalla v. Permanente Medical Grp.*, 15 Cal.4th 951, 974 (1997).

The Result: Weiss' Fraud claim fails as a matter of law and should be dismissed with prejudice.

### b.     Third Claim for Relief; Negligent Misrepresentation (¶¶ 44–47)

This claim simply re-packages the defective fraud allegations without adding any factual content. It again relies on group pleading and fails to identify any statement made by Goldman, any circumstances under which it was made, or any justifiable reliance by Weiss. Negligent misrepresentation requires a duty to communicate accurate information. *B.L.M. v. Sabo & Deitsch*, 55 Cal.App.4th 823, 834 (1997). The Complaint alleges no such duty.

It also inconsistently alleges both scienter (¶ 39) and negligence (¶ 45) regarding the same

supposed misstatements—legally incompatible theories. *Tarmann v. State Farm*, 2 Cal.App.4th 153, 157 (1991). Without a specific misrepresentation, a duty, or reliance, the claim collapses under Twombly/Iqbal.

The Result: Weiss' Negligent misrepresentation fails and must be dismissed with prejudice.

### c.     **Fourth Claim for Relief; Professional Negligence (¶ 50)**

This claim is defective on its face. The caption excludes Goldman, yet ¶ 50 adds him back in, rendering the pleading uncertain and subject to dismissal. Fed. R. Civ. P. 8(d); *Smith v. City & Cnty. of S.F.*, 225 Cal.App.3d 38, 49 (1990).

Weiss alleges no professional relationship, engagement, license, or duty owed by Goldman. Without a professional relationship, there is no professional duty. *Nichols v. Keller*, 15 Cal.App.4th 1672, 1684 (1993); *Bily v. Arthur Young*, 3 Cal.4th 370, 407–08 (1992). The vague allegation that Goldman "created and submitted a false application" is a conclusory label, not a factual breach of any recognized standard. *Kelley v. Trunk*, 66 Cal.App.4th 519, 523 (1998).

The Result: Weiss' Professional negligence claim must be dismissed with prejudice.

### d.     **Breach of Fiduciary Duty (¶¶ 44, 50)**

The Complaint labels Goldman a "fiduciary" but pleads no facts establishing a fiduciary relationship, no agency, no trust, no discretionary authority, no undertaking to act for Weiss's benefit. A fiduciary relationship cannot arise from labels alone. *Wolf v. Superior Court*, 107 Cal.App.4th 25, 29 (2003); *City of Hope v. Genentech*, 43 Cal.4th 375, 386 (2008).

The breach allegation merely repeats the fraud theory ("false and forged application") and is duplicative and unsupported. *Oasis W. Realty v. Goldman*, 51 Cal.4th 811, 820 (2011).

The Result: Weiss' Fiduciary duty claim fails entirely and must be dismissed.

### e.     **Fifth, Sixth & Seventh Claims; Equitable Indemnity, Contribution, Declaratory Relief (¶¶ 54–62)**

These claims are derivative and cannot survive without a viable underlying tort. *Munoz v. Davis*, 141 Cal.App.4th 862, 866 (2006); *Jolley v. Chase Home Fin.*, 213 Cal.App.4th 872, 909 (2013). Because all substantive tort claims fail, these derivative claims fail as well.

Weiss alleges no joint liability, no shared duty, no overlapping conduct, and no specific controversy appropriate for declaratory relief. Declaratory relief is a remedy, not a standalone cause of action. *McClain v. Octagon Plaza*, 159 Cal.App.4th 784, 800 (2008).

The Result: All three claims must be dismissed with prejudice.

### f.     **Statute of Limitations; Independently Bars All Claims**

All allegations concern events occurring in 2018–2019, yet Weiss filed in 2025, more than six years later. The applicable limitations periods bar every claim:

> i.     Fraud — 3 years (Cal. Civ. Proc. Code § 338(d))

      ii.       Negligent Misrepresentation / Professional Negligence — 2 years (§ 339(1))

      iii.     Fiduciary Duty — 3 or 4 years (§ 338(d) or § 343)

Weiss pleads no facts supporting delayed discovery or fraudulent concealment. Her conclusory assertion that she "only learned" of the issue in 2025 fails under *Fox v. Ethicon*, 35 Cal.4th 797, 808 (2005) and *Broberg v. Guardian*, 171 Cal.App.4th 912, 921 (2009). She had constructive notice by 2019. *Jolly v. Eli Lilly*, 44 Cal.3d 1103, 1111 (1988).

The Result: Every tort claim is time-barred as a matter of law.

### g.  Conclusion

Each cause of action fails for multiple, independent reasons: No specific factual allegations against Goldman; Impermissible group pleading; Failure to plead duty, breach, reliance, or causation; Absence of any professional or fiduciary relationship; Derivative claims unsupported by any underlying tort; & Statute of limitations bars all claims. Accordingly, all claims against Michael Goldman must be dismissed with prejudice under FRCP 12(b)(6).

### 3.  Additional Ground for Dismissal, the Underlying Transaction Is a Void, Illegal STOLI Arrangement

In addition to the jurisdictional and Rule 12(b)(6) defects already identified, the Third-Party Complaint suffers from a far more fundamental flaw: the underlying insurance transaction Weiss herself describes bears the hallmarks of a prohibited STOLI (Stranger–Originated Life Insurance) arrangement under California law. A STOLI policy is not merely disfavored, it is illegal, void, and unenforceable as a matter of public policy, and therefore cannot support any claim for indemnity, contribution, reliance, damages, or professional liability.

California Ins. Code §§ 10110.1–10110.2 is explicit: A life-insurance policy procured without a valid insurable interest is void. STOLI arrangements, where the true purpose is life-settlement speculation—are prohibited. Any policy structured through "irregularities," "improper steps," or "devices" designed to manufacture an appearance of insurable interest is void ab initio. No rights, obligations, or damages can arise from a contract the Legislature has declared illegal.

Weiss's own Third-Party Complaint repeatedly pleads the exact red-flags California courts rely on when identifying STOLI structures: She immediately believed the policy was "inappropriate." She alleges irregularities in the procurement process. She claims "improper steps" were taken at inception. She attempted to rescind the policy almost immediately after issuance. She alleges broker misconduct at the inception stage. These are not incidental statements, they are textbook STOLI indicators, and they place this litigation squarely within California's statutory prohibition.

If the underlying life-insurance policy is void ab initio under Ins. Code §§ 10110.1(f) and 10110.2: LP2 cannot possess enforceable rights; Weiss cannot suffer legally cognizable damages; No indemnity, contribution, reliance, or duty can arise from a void instrument; A void contract cannot create liability for Goldman or anyone else.

Thus, even assuming arguendo the truth of every allegation in the Third-Party Complaint, Weiss cannot state a claim because she seeks relief based on a contract that, by her own factual pleading, may be void, unlawful, and incapable of supporting the liability she attempts to shift.

California courts uniformly hold that no cause of action can be predicated on an illegal or void contract. Federal courts routinely dismiss such claims under Rule 12(b)(6). Weiss's pleading is therefore facially defective on this independent ground.

To be absolutely clear: Goldman did not participate in any improper life-insurance conduct, nor does he concede a single impropriety. This is purely a legal defense triggered by Weiss's own allegations and by the structure of the Insurance Code.

**Request for Prompt Response**: Pursuant to L.R. 7-3, I request that you: provide your availability for a telephonic or zoom meet & confer within the next 48 hours, indicate whether you intend to amend the Third-Party Complaint, and identify any legal or factual basis you contend supports personal jurisdiction or states a viable cause of action.

If we do not receive a timely response, Goldman will consider the meet-and-confer requirement satisfied and proceed with filing the motion.

This letter is sent in good faith as part of the mandatory pre-filing process.

If you have any questions or comments regarding the above, please do not hesitate to call..


Respectfully,

*Baruch Cohen*

BARUCH C. COHEN
cc:      Michael Goldman
D:\DATA\DOCS\GOLDMAN\OPC-03.LTR.wpd
11/24-5:59pm

Page 5 of  5

In compliance with Federal Rules of Civil Procedure, Rule 5, service was effectuated via email transmission and regular mail.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed February 2, 2026, at Los Angeles, California.

By *Baruch Cohen*

Baruch C. Cohen

2/2/2026 4:11 PM